IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERGIO ALVAREZ, )  No. C 07-1678 SBA (PR)
        Plaintiff, )
v. ) **ORDER OF DISMISSAL**
ROBERT A. HOREL, et al., )
        Defendants. )

## INTRODUCTION

Plaintiff Sergio Alvarez, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed a supplemental complaint.[1] His motion for leave to proceed in forma pauperis has been granted.

Venue is proper in this district because the events giving rise to the action occurred at PBSP, which is located in this district. See 28 U.S.C. § 1371(b).

## BACKGROUND

In his supplemental complaint, Plaintiff alleges that "Defendants have denied him meaningful access to the courts and adequate legal assistance by repeatedly opening his in-coming legal correspondence outside of his presence and damaging, withholding and or misplacing the contents of said mail." (Supp. Compl. at 1.) Between January, 2005 and August, 2007, Plaintiff filed four 602 inmate appeals, each involving separate alleged instances of such actions, and pursued each appeal through all three formal levels of administrative review. At each level, Plaintiff's appeal was either denied or partially granted.[2] Plaintiff contends that Defendants' actions have resulted in Plaintiff

---

[1] Plaintiff filed his Motion for Leave to File a Supplemental Complaint before Defendants had been served with his original complaint. Therefore, the Court granted his motion in an order dated February 20, 2009.

[2] Plaintiff's third 602 appeal was partially granted by the first and second levels of review without any acknowledgment of error on the part of mail room staff. In this appeal, Plaintiff requested that staff stop stamping the contents of his outgoing mail with "Pelican Bay State Prison Security Housing Unit -- Unit D3." Subsequent to Plaintiff's appeal, Defendant Smelosky, in his capacity as associate warden, drafted a memorandum explaining the process of stamping legal mail.

being "unable to understand or read his legal communications which hinders Plaintiff from using the legal assistance he requires to prepare his claims . . . ."  (Id. at 4.)

Plaintiff names the following Defendants: Former California Department of Corrections and Rehabilitation (CDCR) Director D. L. Runnels, CDCR Director Tilton, PBSP Warden Robert A. Horel, Former PBSP Warden Richard J. Kirkland, PBSP Correctional Captain R. Floto, PBSP Facility Captain R. L. Johnson, CDCR Chief of Inmate Appeals N. Grannis, PBSP Office Service Supervisor P. Carrier, PBSP Correctional Captain M. Smelosky, PBSP Associate Warden Paul J. Dillard, CDCR Employee R. Somers, CDCR Employee M. Castellow, CDCR Facility Captain R. Pimentel, "'C. E. 16' an employee of the CDCR and a staff member in the mail room at PBSP-SHU," PBSP Business Manager M. Bean, PBSP Associate Warden P. T. Smith, PBSP Associate Warden C. M. Scavetta, "M. D. Castellaw, possibly the one and the same as [M. Castellow, supra]," PBSP Correctional Counselor II "N.J.", and Does 1 through 50.  (Id. at 2-3.)

Plaintiff seeks injunctive relief and monetary damages.  (Id. at 22.)

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

---

The Court notes that Plaintiff alleges that Defendant Smelosky is liable for "issuing and enforcing underground procedures and practices governing outgoing mail." (Supp. Compl. at 21.)  However, Plaintiff fails to allege a cognizable claim because he has not alleged that the procedures concerning outgoing mail caused him harm, as mentioned below.

2

# DISCUSSION

## I. Meaningful Access to the Courts/Mail Claim

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987).

The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow, 52 F.3d at 265-66 (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). Prison officials also may institute procedures for inspecting legal mail, for example, mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But the opening and inspecting of legal mail outside the presence of the prisoner may have an impermissible chilling effect on the constitutional right to petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (citing Laird v. Tatum, 408 U.S. 1, 11 (1972)). However, "an unconstitutional chill will only exist if the government action has injured the individual or places the individual in immediate danger of sustaining a direct injury." O'Keefe, 82 F.3d at 325 (citing Laird, 408 U.S. at 13.) Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998); see also Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (with minute exceptions correspondence from a court to a litigant is a public document).

Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no claim where letter from prisoner's attorney opened out of prisoner's presence in single instance), cert. denied, 424 U.S. 973 (1976); Bach v. Illinois, 504 F.2d

3

1100, 1102 (7th Cir.) (isolated incident of mail mishandling insufficient to state a claim under § 1983), cert. denied, 418 U.S. 910 (1974); Lingo v. Boone, 402 F. Supp. 768, 773 (N.D. Cal. 1975) (an isolated incident of mail censorship or interference due to prison officials' "honest error" does not justify relief under § 1983).

Here, Plaintiff alleges that Defendant Carrier denied Plaintiff meaningful access to the courts by "arbitrarily and capriciously opening and damaging Plaintiff's privileged incoming legal mail outside of his presence . . . ."[3] (Supp. Compl. at 20.)  However, Plaintiff has failed to show that Defendant Carrier's actions interfered with Plaintiff's ability to petition the government. Indeed, despite Defendant's actions, Plaintiff was still able to file two separate habeas petitions in state court during the time period in question. (Id. at 14, 17.) Because Plaintiff has shown no injury as a result of Defendant Carrier's actions, the opening of his mail outside of his presence did not constitute an impermissible chilling effect on his right to meaningful access to the courts. See O'Keefe, 82 F.3d at 325. Accordingly, Plaintiff's claim against Defendant Carrier is DISMISSED with prejudice.

## II. Claim Relating to Grievance Process

Plaintiff also names Defendants Tilton, Horel, Kirkland, Floto, Johnson, Grannis, Smelosky, Dillard, Pimentel, Bean, Smith, Scavetta, and Castellaw, who all allegedly took part in handling Plaintiff's 602 inmate appeals.

Interests protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the States. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

However, California Code of Regulations, title 15 section 3084, et seq. grants state prisoners the right to a prison appeals process. The regulations are purely procedural -- they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards. Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an

---

[3] Plaintiff also names Defendant "C. E. 16" for similar actions. However, the Court construes "C. E. 16" as a Doe Defendant and addresses Plaintiff's claim against Doe Defendants below.

4

appeal," id. § 3084.1(d).  A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same).  Accordingly, a prison official's failure to process grievances, without more, is not actionable under § 1983.  See Buckley, 997 F.2d at 495; see also Ramirez, 334 F.3d at 860 (prisoner's claimed loss of liberty interest in processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action.  See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").

Thus, the aforementioned Defendants' handling of Plaintiff's grievance was not a constitutional violation.  Plaintiff has therefore failed to state a claim against Defendants Tilton, Horel, Kirkland, Floto, Johnson, Grannis, Smelosky, Dillard, Pimentel, Bean, Smith, Scavetta, and Castellaw.  Accordingly, Plaintiff's claim relating to the grievance process against these Defendants is DISMISSED with prejudice.

**III.   Supervisory Liability Claim**

Finally, Plaintiff names CDCR Director Tilton, PBSP Warden Robert A. Horel, and Former PBSP Warden Richard J. Kirkland.  Plaintiff does not allege facts demonstrating that Defendants Tilton, Horel, and Kirkland violated his federal rights, but seems to claim they are liable based on the conduct of their subordinate, Defendant Carrier.  Because the Court has dismissed Plaintiff's claim against Defendant Carrier for lack of injury, Plaintiff's supervisory claim against Defendants Tilton, Horel, and Kirkland is similarly DISMISSED.

**IV.   Claim Against Remaining Defendants**

**A.   Doe Defendants**

Plaintiff is uncertain as to which prison officials are interfering with his mail and names Doe

5

Defendants.[4] The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

However, because all of the claims in this action have been dismissed, Plaintiff need not be given the opportunity to move to file an amendment to the complaint to add them as named Defendants. Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED.

**B.    Defendants Not Linked to Claims**

In the section of the complaint form where he sets forth the parties to his complaint, Plaintiff identifies Defendants Runnels, Somers, and Castellow. None of these Defendants is linked specifically to the allegations in the body of the complaint, however.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id.

Because Plaintiff has not linked Defendants Runnels, Somers, and Castellow to his allegations, his claims cannot proceed against these Defendants. However, because all the claims in this action have been dismissed, Plaintiff need not be given the opportunity to move to file amended

---

[4] Though Plaintiff names "C. E. 16" and PBSP Correctional Counselor II "N. J." separately from his Doe Defendants, the Court construes them to be Doe Defendants due to Plaintiff's insufficient information concerning their identity.

claims to cure this pleading deficiency. Accordingly, Plaintiff's claims against these Defendants are DISMISSED from this action.

### **CONCLUSION**

For the foregoing reasons, Plaintiff's action is DISMISSED for failure to state a cognizable federal claim.

The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 11/18/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Alvarez1678.dismiss.frm7

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

SERGIO ALVAREZ,

        Plaintiff,

  v.

ROBERT A. HOREL et al,

        Defendant.
                                   /

Case Number: CV07-01678 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sergio Alvarez K42605
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7500

Dated: November 20, 2009

                                          Richard W. Wieking, Clerk
                                          By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Alvarez1678.dismiss.frm8